Victor Villegas ISB # 5860
Judy L. Geier ISB # 6559
EVANS KEANE LLP
1405 W. Main Street
P. O. Box 959
Boise, Idaho  83701-0959
Telephone:  (208) 384-1800
Facsimile:  (208) 345-3514

Attorneys for Plaintiff California Bank & Trust

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CALIFORNIA BANK & TRUST, as assignee of the Federal Deposit Insurance Corporation, as receiver for VINEYARD BANK,<br><br>             Plaintiff,<br>vs.<br><br>SHILO INN, BOISE AIRPORT, LLC, an Oregon limited liability company; and MARK S. HEMSTREET, an Oregon resident,<br><br>             Defendants. | Case No.<br><br>VERIFIED COMPLAINT FOR FORECLOSURE OF DEEDS OF TRUST, APPOINTMENT OF RECEIVER AND INJUNCTIVE RELIEF |

Plaintiff California Bank & Trust, as assignee of the Federal Deposit Insurance Corporation, as receiver for Vineyard Bank ("*Plaintiff*"), alleges as follows:

### I.    PARTIES

1.    Plaintiff California Bank & Trust is a California banking corporation located in Irvine, California, and is the assignee of the Federal Deposit Insurance Corporation ("*FDIC*"), as receiver for Vineyard Bank.

2.    Defendant Shilo Inn, Boise Airport, LLC ("*Shilo-Boise*") is a limited liability company in good standing organized under the laws of the state of Oregon, who owns real property located in and conducts business in Ada County, Idaho.

3. Defendant Mark S. Hemstreet ("***Hemstreet***") is a resident of Portland, Oregon, doing business in Idaho.

## II. JURISDICTION AND VENUE

4. This action seeks the judicial foreclosure and interim appointment of receiver of certain real property located in Ada County, Idaho, more particularly described in Exhibit "A" attached hereto (the "***Property***").

5. Plaintiff alleges on information and belief that Shilo Inn, Boise Airport, LLC, holds legal title to the Property.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs described herein.

7. Venue is proper for this action pursuant to 28 U.S.C. § 1391 (a) and I.C. §5-401.

## III. GENERAL ALLEGATIONS

**A. Plaintiff's Loan to Shilo Inn, Boise Airport, LLC ("*Shilo-Boise*")**

8. On or about August 3, 2005, Plaintiff provided financing to Shilo-Boise in the original principal amount of $4,000,000.00 ("***Shilo-Boise Loan***").

9. The Shilo-Boise Loan is evidenced, in part, by the following documents (periodically collectively "***Shilo-Boise Loan Documents***"):

    (a) A Promissory Note, loan number 1312705470, dated August 3, 2005, executed by Shilo-Boise, payable to Plaintiff, in the original principal amount of $4,000,000.00, as amended from time to time ("***Shilo-Boise Promissory Note***"). A true and correct copy of the Shilo-Boise Promissory Note is attached hereto as Exhibit "B" and incorporated herein by this reference.

    (b) A Business Loan Agreement, loan number 1312705470, dated August 3, 2005, made and executed between Shilo-Boise and Plaintiff, as amended from time to time. A true and correct copy of the Business Loan

*VERIFIED COMPLAINT FOR APPOINTMENT OF RECEIVER AND JUDICIAL FORECLOSURE-- 2*

        Agreement is attached hereto as Exhibit "C" and incorporated herein by this reference.

(c)    A Deed of Trust, dated August 3, 2005, made by Shilo-Boise for the benefit of Plaintiff, recorded on August 10, 2005, in Ada County, Idaho, as instrument number 105111506 ("***Shilo-Boise Deed of Trust***"), encumbering the Property, and as amended by a First Amendment to Deed of Trust, Promissory Note, and Other Loan Documents, dated November 4, 2010, recorded November 17, 2010, in Ada County, Idaho, as instrument number 110108472, and re-recorded on January 27, 2011, in Ada County, Idaho, as instrument number 111008729, and as further amended by a Forbearance and Second Amendment to Deed of Trust and Other Loan Documents, dated as of June 30, 2011, recorded August 25, 2011, in Ada County, Idaho, through a Memorandum of Forbearance Agreement and Second Amendment to Deed of Trust and Other Loan Documents as instrument number 111068801 ("***Second Amendment***"). A true and correct copy of the Shilo-Boise Deed of Trust is attached hereto as Exhibit "D" and incorporated herein by this reference. A true and correct copy of the First Amendment to Deed of Trust, Promissory Note, and Other Loan Documents is attached hereto as Exhibit "E" and incorporated herein by this reference. A true and correct copy of the Second Amendment is attached hereto as Exhibit "F" and incorporated herein by this reference.

(d)    A Commercial Security Agreement, dated August 3, 2005, made and executed between Shilo-Boise and Plaintiff, as amended from time to time. A true and correct copy of the Commercial Security Agreement is attached hereto as Exhibit "G" and incorporated herein by this reference.

(e) An Assignment of Rents agreement, dated August 3, 2005, made and executed between Shilo-Boise and Plaintiff and recorded on August 10, 2005, in Ada County, Idaho, as instrument number 105111507. A true and correct copy of the Assignment of Rents agreement is attached hereto as Exhibit "H" and incorporated herein by this reference.

10. The Shilo-Boise Loan Documents served as consideration for the making of the Shilo-Boise Loan by Plaintiff, and Plaintiff so acted in reliance in making the Shilo-Boise Loan.

11. Under the Shilo-Boise Deed of Trust and the Assignment of Rents agreement, Shilo-Boise assigned to Plaintiff and granted Plaintiff a security interest in all of Shilo-Boise's right, title, and interest in and to all leases, rents, and profits of the Property.

12. The Shilo-Boise Deed of Trust provides that if an event of default occurs thereunder, Plaintiff may foreclose by judicial foreclosure.

13. The Shilo-Boise Deed of Trust and Assignment of Rents further provide that if an event of default occurs thereunder, Plaintiff, either in person, by agent, or through a receiver, shall have the right to take possession of and manage the Property and collect the rent, and apply the net proceeds, over and above Plaintiff's costs, against the indebtedness.

14. The Shilo-Boise Deed of Trust and Assignment of Rents further provide that if an event of default occurs thereunder, Plaintiff shall have the right to have a receiver appointed to take possession of the Property, with the power to protect and preserve the Property, to operate the Property preceding or pending foreclosure or sale, and to collect the rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness.

15. The Second Amendment and the Assignment of Rents provide that Shilo-Boise consents and stipulates to the appointment of a receiver for the Property and to otherwise use its best efforts to cooperate with Plaintiff in connection with the appointment of a receiver for the Property based on any event of default under the Shilo-Boise Loan Documents.

16. Under the Commercial Security Agreement, Shilo-Boise granted to Plaintiff a security interest in collateral described therein to secure the indebtedness under the Shilo-Boise

Loan.

17. Under the Shilo-Boise Promissory Note, Business Loan Agreement, Shilo-Boise Deed of Trust, and Assignment of Rents, Shilo-Boise agreed to pay Plaintiff's attorneys' fees and legal expenses incurred in connection with their enforcement.

18. Plaintiff has performed all conditions and obligations on its part under the Shilo-Boise Loan Documents.

19. Shilo-Boise defaulted under the Shilo-Boise Loan Documents by failing to pay two monthly interest only payments due on October 1, 2011 and November 1, 2011.

20. In addition, pursuant to the terms of the Shilo-Boise Loan Documents, a default under any other of the documents evidencing separate loans made by Plaintiff to Shilo Inn, Moses Lake, Inc., Shilo Inn, Rose Garden, LLC, Shilo Inn, Seaside East, LLC, Shilo Inn, Nampa Blvd., LLC, Shilo Inn, Newberg, LLC, and Shilo Inn, Twin Falls, LLC also constitutes an Event of Default (as defined in the Shilo-Boise Loan Documents) under the Shilo-Boise Loan Documents. Plaintiff does not assert these other defaults in this Complaint. However, Plaintiff is not waiving or releasing any of its rights and remedies with regard to these other defaults, all of which rights and remedies are hereby reserved.

21. On November 10, 2011, Plaintiff caused a letter to be sent to Shilo-Boise providing notice of the above-described defaults.

22. Shilo-Boise has failed and refused, and continues to fail and refuse, to cure the above-described defaults as required by the Shilo-Boise Loan Documents.

23. As a result of the above-described defaults, Plaintiff has exercised its right under the Shilo-Boise Loan Documents to accelerate the balance of the Shilo-Boise Loan.

24. As of February 1, 2012, the amount due and owing under the Loan Documents was **$4,196,223.20**. Interest continues to accrue.

25. As a further result of the above-described defaults, Plaintiff has incurred costs and attorneys' fees, and will continue to incur costs and attorneys' fees in enforcing its rights under the Shilo-Boise Loan Documents, in an amount unknown at this time.

B.   **Plaintiff's Loan to Mark S. Hemstreet**

26.   Separate and apart from the Shilo-Boise Loan, Plaintiff, on or about April 19, 2005, provided financing to Mark S. Hemstreet ("***Hemstreet***") in the original principal amount not to exceed $5,000,000.00 ("***Hemstreet Loan***").

27.   The Hemstreet Loan is evidenced, in part, by a Promissory Note, dated April 19, 2005, executed by Hemstreet, payable to Plaintiff, in the original principal amount not to exceed $5,000,000.00, Loan No. 0412584080 (the "***Hemstreet Note***"), as amended by a Loan Modification Agreement, dated November 4, 2010 ("***Hemstreet First Amendment***") and by a Forbearance and Second Amendment to Deeds of Trust and Other Loan Documents, dated June 30, 2011 ("***Hemstreet Second Amendment***"), and secured by a second lien Deed of Trust and Absolute Assignment of Rents and Leases and Security Agreement (and Fixture Filing) on the Property, recorded on November 17, 2010, as instrument number 110108473, and re-recorded on January 27, 2011, as instrument number 111008730, both in the official records of Ada County, Idaho ("***Hemstreet Deed of Trust***").  A true and correct copy of the Hemstreet Note is attached hereto as Exhibit "I" and incorporated herein by this reference.  A true and correct copy of the Hemstreet First Amendment is attached hereto as Exhibit "J" and incorporated herein by this reference.  A true and correct copy of the Hemstreet Second Amendment is attached hereto as Exhibit "K" and incorporated herein by this reference.  A true and correct copy of the Hemstreet Deed of Trust is attached hereto as Exhibit "L" and incorporated herein by this reference.

28.   The Hemstreet Note, Hemstreet First Amendment, Hemstreet Second Amendment, Hemstreet Deed of Trust, and all other documents evidencing the Hemstreet Loan are periodically collectively referred to as the "***Hemstreet Loan Documents***."

29.   The Hemstreet Loan Documents served as consideration for the making of the Hemstreet Loan by Plaintiff, and Plaintiff so acted in reliance in making the Hemstreet Loan.

30.   The Hemstreet Deed of Trust provides that if an event of default occurs thereunder, Plaintiff may foreclose by judicial foreclosure.

31.   Under the Hemstreet Promissory Note and Hemstreet Deed of Trust, Hemstreet

agreed to pay Plaintiff's attorneys' fees and legal expenses incurred in connection with their enforcement.

32. Plaintiff has performed all conditions and obligations on its part under the Hemstreet Loan Documents.

33. Hemstreet defaulted under the Hemstreet Loan Documents by failing to pay monthly interest only payment due on October 31, 2011, and accrued late charges for the October 31, 2011, interest only payment.

34. Hemstreet further defaulted under the Hemstreet Loan Documents by failing to deliver to Plaintiff the Monthly Sales Report (as defined in the Hemstreet Second Amendment) on August 1, 2011, September 1, 2011, October 1, 2011 and November 1, 2011, as required under Section 2(d)(iii) of the Hemstreet Second Amendment and such failure constitutes a material breach of the Hemstreet Second Amendment and an immediate Event of Default as defined under the Hemstreet Loan Documents.

35. Hemstreet further defaulted under the Hemstreet Loan Documents by failing to comply with the provisions of Section 2(d)(iii)(A) of the Hemstreet Second Amendment pursuant to which not less than two of the Selling Borrowers (as defined in the Hemstreet Second Amendment) were required to enter into Purchase Agreements (as defined in the Hemstreet Second Amendment) for the sale of not less than two (2) of the Sale Properties (as defined in the Hemstreet Second Amendment) owned by such Selling Borrowers and an escrow opened for such sales on or before September 30, 2011. Such failure to timely comply with Section 2(d)(iii)(A) of the Hemstreet Second Amendment constitutes a material breach of the Hemstreet Second Amendment and an immediate Event of Default as defined under the Loan Documents.

36. In addition, pursuant to the terms of the Hemstreet Loan Documents, a default under any other of the documents evidencing separate loans made by Plaintiff to Shilo Inn, Moses Lake, Inc., Shilo Inn, Rose Garden, LLC, Shilo Inn, Seaside East, LLC, Shilo Inn, Nampa Blvd., LLC, Shilo Inn, Boise Airport, LLC, Shilo Inn, Newberg, LLC, and Owner also constitutes an Event of Default (as defined in the Hemstreet Loan Documents) under the

*VERIFIED COMPLAINT FOR APPOINTMENT OF RECEIVER AND JUDICIAL FORECLOSURE-- 7*

Hemstreet Loan Documents. Plaintiff <u>does not</u> assert these other defaults in this Complaint. However, Plaintiff is <u>not</u> waiving or releasing any of its rights and remedies with regard to these other defaults, all of which rights and remedies are hereby reserved.

37. On November 10, 2011, Plaintiff caused a letter to be sent to Hemstreet, providing notice of the above-described defaults.

38. Hemstreet has failed and refused, and continues to fail and refuse, to cure the above-described defaults as required by the Hemstreet Loan Documents.

39. As a result of the above-described defaults, Plaintiff has exercised its right under the Hemstreet Loan Documents to accelerate the balance of the Hemstreet Loan.

40. As of January 31, 2012, the amount due and owing under the Hemstreet Loan Documents was **$5,193,307.44**. Interest continues to accrue.

41. As a further result of the above-described defaults, Plaintiff has incurred costs and attorneys' fees, and will continue to incur costs and attorneys' fees in enforcing its rights under the Hemstreet Loan Documents, in an amount unknown at this time.

### IV. COUNT I
### SPECIFIC PERFORMANCE OF DEED OF TRUST, APPOINTMENT OF RECEIVER, AND INJUNCTIVE RELIEF
### (As against Shilo Inn, Boise Airport, LLC)

42. Plaintiff realleges Paragraphs 1 through 41, above and incorporates the same as if set forth in full herein.

43. As against Shilo-Boise, Plaintiff has no plain, adequate, or speedy remedy at law to enforce the provisions of the Shilo-Boise Deed of Trust (as amended and modified) concerning maintenance and operation of the Property and preservation of the revenues therefrom for Plaintiff's benefit, or to compensate Plaintiff for the damages caused by the refusal to pay interest payments.

44. Pursuant to the terms of the Shilo Loan Documents, Shilo-Boise contractually agreed to the appointment of a receiver without bond.

45. Because of the defaults and Events of Default as set forth herein, Plaintiff is also

entitled to injunctive relief: (a) prohibiting Shilo-Boise, and its agents, partners, servants, employees, and all persons acting under, in concert with, or on behalf of any of them, from and in any manner, directly or indirectly, demanding, collecting, discounting, receiving, or in any way diverting business and or any receipts, rents, income, and profits from the Property and prohibiting them from entering into any new leases or lease extensions and from severing or harming its franchise relationship, changing its business name, signage, phone numbers, or URL,; (b) restraining Shilo-Boise from further defaulting under the terms of the Shilo Loan Documents, from further dissipating the Property and from wrongfully converting the Property and the rents and profits of the Property; (c) ordering Shilo-Boise to relinquish possession of the Property and the receipts, rents, income, and profits therefrom to the receiver; (d) ordering Shilo-Boise to turn over to the receiver all personal property, fixtures, goods, documents, books, records, papers, and accounts of Shilo-Boise relating thereto; and (e) enjoining Shilo-Boise from interfering with the rights and duties of the receiver.

46. Because of the above defaults, it has become necessary for Plaintiff to employ attorneys to commence and prosecute this action. The reasonable value of the services of attorneys in this action should be determined by the Court at the time of trial or other appropriate proceeding, or upon appropriate application to be made.

### V.    COUNT II
### ACCOUNTING AND TURNOVER OF RECEIPTS
### (As against Shilo Inn, Boise Airport, LLC)

47. Plaintiff realleges Paragraphs 1 through 46 above and incorporates the same as if set forth in full herein.

48. Plaintiff is entitled to an accounting of receipts, rents, income, and profits collected from the Property from the initial date of default under the Shilo-Boise Loan Documents to the present.

49. The Shilo-Boise Loan Documents entitle Plaintiff to the turnover of the rents and/or recovery of damages in the amount of those rents which have been diverted and

misapplied by Shilo-Boise, if any.

## VI.   COUNT III
## JUDICIAL FORECLOSURE
### (Shilo Boise Deed of Trust, Hemstreet Deed of Trust)

50.   Plaintiff realleges Paragraphs 1 through 49 above and incorporates the same as if set forth in full herein.

51.   By reason of Shilo-Boise's defaults under the Shilo-Boise Loan Documents, Plaintiff is entitled to damages, a judgment for judicial foreclosure of Plaintiff's lien and security interests granted by the Shilo-Boise Deed of Trust (as amended and modified) and Commercial Security Agreement, a judgment for the amount of the deficiency under the indebtedness after completion of the foreclosure sale, and such other relief as requested herein.

52.   By reason of Hemstreet's defaults under the Hemstreet Loan Documents, Plaintiff is entitled to damages, a judgment for judicial foreclosure of Plaintiff's lien and security interest granted by the Hemstreet Deed of Trust (as amended and modified), a judgment against Hemstreet for the amount of the deficiency under the indebtedness after completion of the foreclosure sale, and such other relief as requested herein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**1.   On the First Claim for Relief for Specific Performance of Deed of Trust, Appointment of Receiver, and Injunctive Relief:**

1.1.   For specific performance of the provisions of the Shilo-Boise Deed of Trust (as amended and modified), relating to the right of Plaintiff, pending trial on the issues herein, to take possession of the Property and all personal property, fixtures, goods, documents, books, records, papers, and accounts of Shilo Inn, Boise Airport, LLC, relating thereto; to care for and operate the Property; to market and sell the Property; and to collect the receipts, rents, income, and profits from the Property during the pendency of this action;

1.2.   For an order appointing a receiver to take possession of the Property and to conserve and manage it in connection with the Property and to collect any and all receipts,

rents, income, and profits from the Property during the pendency of this action;

1.3. That an injunction be granted enjoining and restraining Shilo Inn, Boise Airport, LLC. and its agents, partners, servants, employees, and all persons acting under, in concert with, or on behalf of any of them, from and in any manner, directly or indirectly, demanding, collecting, discounting, receiving, or in any way diverting business and/or any receipts, rents, income, and profits from the Property and anyone holding under it and from severing or harming its franchise relationship, changing its business name, signage, phone numbers, or URL;

1.4. For an order that Shilo Inn, Boise Airport, LLC, shall relinquish possession of the Property, and all personal property, fixtures, goods, documents, books, records, papers, and accounts of Shilo Inn, Boise Airport, LLC, relating thereto, and the receipts, rents, income, and profits from the Property, to the receiver or his designated agent by 5:00 p.m. of the date of service of the order;

1.5. That an appropriate order be made with respect to the receiver's powers and duties insofar as the collection and application of the funds and personal property coming into his possession may be concerned; and

1.6. That said receivership be continued until such time as the default alleged shall have been cured, attorneys' fees awarded in connection herewith paid, and receiver's expenses paid so that no default continues to exist with relation to the obligation owed by Shilo Inn, Boise Airport, LLC, to Plaintiff.

2. **On the Second Claim for Relief for Accounting and Turnover of Receipts:**

2.1. For an order directing Shilo Inn, Boise Airport, LLC, to account to Plaintiff for all receipts, rents, income, and profits collected from the Property from the date of initial default, to the present and a judgment for turnover of receipts and/or the payment of damages pursuant to the terms of the Shilo-Boise Loan Documents.

3. **On the Third Claim for Relief for Judicial Foreclosure:**

3.1 For judgment against Shilo Inn, Boise Airport, LLC, for the delinquent

amounts owing on the Shilo-Boise Promissory Note, plus default interest, impounds, advances, all amounts thereafter accruing at the rates and manner set forth in the Shilo-Boise Loan Documents, costs of this suit and attorneys' fees in an amount the Court may adjudge reasonable, plus such additional sums, if any, as Plaintiff may hereafter expend to protect its security interests in the lien under the Shilo-Boise Loan Documents, together with interest herein allowed by law according to proof;

        3.2    For judgment against Mark S. Hemstreet for the delinquent amounts owing on the Hemstreet Promissory Note, plus default interest, impounds, advances, all amounts thereafter accruing at the rates and manner set forth in the Hemstreet Loan Documents, costs of this suit and attorneys' fees in an amount the Court may adjudge reasonable, plus such additional sums, if any, as Plaintiff may hereafter expend to protect its security interests in the lien under the Hemstreet Loan Documents, together with interest herein allowed by law according to proof;

        3.3.    For judgment against Shilo Inn, Twin Falls, LLC and Mark S. Hemstreet that the rights, claims, ownerships, liens, titles, and demands of Shilo Inn, Boise Airport, LLC and Mark S. Hemstreet are subject, subsequent, and subordinate to the lien and the security interests in favor of Plaintiff under the Shilo-Boise Deed of Trust (as amended and modified) and Commercial Security Agreement;

        3.4.    That the Court adjudge that the Shilo-Boise Deed of Trust (as amended and modified) and Commercial Security Agreement be foreclosed, and that judgment be made for sale of the Property thereby, according to law, by the Sheriff or Marshal of the County of Ada; that the proceeds of the sale be applied first in payment of the amounts due to Plaintiff under the Shilo-Boise Deed of Trust (as amended and modified) and Commercial Security Agreement; that Shilo Inn, Boise Airport, LLC, and all persons claiming under it, subsequent to the execution of the Shilo-Boise Deed of Trust (as amended and modified) and Commercial Security Agreement, either as lien claimants, judgment creditors, lessees, claimants under a junior security agreement, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, interest, or equity of redemption in the Property affected by the Shilo-

*VERIFIED COMPLAINT FOR APPOINTMENT OF RECEIVER AND JUDICIAL FORECLOSURE-- 12*

Boise Deed of Trust (as amended and modified) and Commercial Security Agreement, when time for redemption, if any, has lapsed; and

   3.5. That the Court issue a deficiency judgment against Shilo Inn, Boise Airport, LLC, in connection with any deficiency remaining on the Shilo-Boise Loan after foreclosing; and

   3.6. That the Court issue a deficiency judgment against Mark S. Hemstreet in connection with any deficiency remaining on the Hemstreet Loan after the foreclosure contemplated in this action.

  4. **On All Claims for Relief:**

   4.1. For fees and costs related to the receivership, and reimbursement of any and all advances, taxes, and payments made by Plaintiff under the Shilo-Boise Loan Documents and/or the Hemstreet Loan Documents, according to proof;

   4.2. For attorneys' fees;

   4.3. For costs of suit; and

   4.4. For such other relief as the Court may deem just and proper.

DATED this 19th day of March, 2012.

         EVANS KEANE, LLP,

       By: /s/ Victor Villegas
         Victor S. Villegas, Of the Firm
         Attorneys for Plaintiff
         California Bank & Trust

## VERIFICATION

STATE OF CALIFORNIA    )
                       )   ss.
County of Los Angeles  )

    I, Eric Ventura, being first duly sworn upon oath, state that I am the vice president of California Bank and Trust and that I have read the foregoing document; that certain of the matters stated herein may not necessarily be within my actual knowledge; that the facts herein have been assembled by authorized agents of counsel for Plaintiffs, and that I am informed and believe that the facts stated herein are true.

_____
Eric Ventura


SUBSCRIBED AND SWORN to before me this ____ day of March, 2012.

                                    _____
                                    Notary Public for California
                                    Residing at: _____
                                    My Commission Expires: _____

State of California
County of Los Angeles
Subscribed and sworn to (or affirmed) before me on this 16th day of March 2012, by Eric Ventura, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public Signature   Notary Public Seal

JULIE WALKER
Commission # 1809624
Notary Public - California
Los Angeles County
My Comm. Expires Sep 12, 2012

---

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it could prevent fraudulent attachment of this certificate to another document.

| THIS CERTIFICATE **MUST** BE ATTACHED TO | Title of Document Type   Verified   Complaint for Foreclosure of Deeds of Trust, Appointment of Receiver and Injunctive Relief |
|---|---|
| THE DOCUMENT DESCRIBED AT RIGHT. | Number of Pages   14 |
| | Date of Document |
| | Signer(s) Other Than Named Above _____ |