UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CALIFORNIA BANK & TRUST, as assignee of the Federal Deposit Insurance Corporation, as receiver for VINEYARD BANK,<br><br>     Plaintiff,<br><br>v.<br><br>SHILO INN, BOISE AIRPORT, LLC, an Oregon limited liability company; and MARK S. HEMSTREET, an Oregon resident,<br><br>     Defendants. | Case No. 1:12-cv-00141-CWD<br>     1:12-cv-00142-CWD<br>     1:12-cv-00143-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are three Motions to Appoint Receiver filed by Plaintiff California Bank and Trust (the "Bank") on April 12, 2012, in case numbers 1:12-cv-00141-CWD, 1:12-cv-00142-CWD, and 1:12-cv-00143-CWD.[1] The Bank alleges that receivership is necessary because the loan it extended to Defendants is in default, and it

---

[1] The Bank filed identical motions in the three cases pending before this Court involving three Shilo Inn locations---Boise, Twin Falls, and Nampa. Other than the location of the Shilo Inn properties and the entity that owns each one, the Complaints, loan documents, and other facts are identical in the three cases. The Court conducted a hearing on all three motions on May 14, 2012. The Court's order pertains to all three cases.

**MEMORANDUM DECISION AND ORDER - 1**

seeks to protect its collateral from forfeiture. Further, the Bank seeks an injunction directing the Defendants to cooperate with the appointed receiver. The Bank requested an expedited hearing on its motion. The Court conducted a hearing on May 14, 2012, and thereafter took the matter under advisement. Based upon the briefs, pleadings, and evidentiary submissions, the Court concludes that the Bank's motion for appointment of a receiver should be granted, in part, for the reasons more fully discussed below.

## BACKGROUND

California Bank and Trust (the "Bank") is the successor-in-interest to Vineyard Bank by assignment through the FDIC. On August 3, 2005, the Bank provided financing to Defendant Shilo Inn Nampa in the amount of $1,350,000; Shilo Inn Boise in the amount of $4,000,000.00; and Shilo Inn Twin Falls in the amount of $6,000,000.00, secured by the respective real properties. The Bank contends that Shilo Inn is in default under the promissory note, deed of trust, and other loan documents governing the loans at issue, which default occurred in early 2010 when Shilo Inn failed to submit monthly payments when due. The Bank worked with Shilo Inn, and modified the Loan Agreements. However, the Bank contends that Shilo Inn again defaulted and, pursuant to a second forbearance agreement and amendment to the deed of trust and the other loan documents, the parties executed an agreement expressly stipulating to the appointment of a receiver in the event of a third default. (Compl. Ex. K).

The receivership provision in the Second Forbearance Agreement executed on June 30, 2011, states:

**MEMORANDUM DECISION AND ORDER - 2**

>   8.   **Stipulation to Receivership**. Borrower hereby consents and stipulates to the appointment of a receiver for each of the Properties and to otherwise use his best efforts, and to cause the Other Borrowers, to cooperate with Lender in connection with the appointment of a receiver for each of the Properties whether based on the Specified Defaults or any other Event of Default now or hereafter existing under the Loan Documents or the Other Loan Documents.

(Compl. Ex. K, Dkt. 1-11.)[2] The Deed of Trust, executed on August 5, 2005, contains the following provision:

>   **Appoint Receiver**.  Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.  The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

(Compl. Ex. D, Dkt. 1-4.)

The Bank alleges Shilo Inn again went into default on October 1, 2011, and November 1, 2011, when it failed to make loan payments then due on its loans to the Bank. In addition to noncompliance with other obligations, the Bank alleges that Shilo Inn has failed to pay real property taxes for tax years 2010 and 2011, as well as personal property taxes for 2011, with respect to all three properties. The Bank alleges that, due to the failure to pay property taxes, the properties are in imminent danger of forfeiture. Therefore, the Bank seeks the appointment of a receiver, specifically Trigild, Inc., to

---

[2] The record citations to the exhibits are the same in all three cases before the Court.

**MEMORANDUM DECISION AND ORDER - 3**

arrange for cure of the defaults and to ensure that the loans remain secured by the respective Properties during the pendency of the foreclosure actions.

Although Defendants do not dispute they are in default, (Ans. ¶ 2 ), Defendants contend that the appointment of a receiver will do more harm than good, and that the circumstances do not warrant the appointment of a receiver. Defendants assert that a receiver is appointed only when fraudulent conduct has occurred or there is imminent danger to the property, both circumstances that Defendants deny. Further, Defendants argue that Shilo Inn's franchise and management agreements preclude the appointment of a receiver because the agreements predate the loan agreements, and the franchisor can revoke the franchise agreement once a receiver is appointed. If the Court is inclined to appoint a receiver, Defendant asserts that the appointment should be restricted to collecting rents, and not for full managerial rights.

The Bank responds that Defendants' reliance on the franchise agreement is insufficient, because Defendant Hemstreet owns both the franchisor and the management company running the hotels, and therefore has the authority to waive any purported default under the franchise agreement. The Bank contends that, due to the imminent danger of loss, diminution in value, and other factors, a receiver with managerial authority is appropriate.

Just prior to the hearing, Defendants filed a supplemental memorandum on May 11, 2012, indicating that Shilo Inn requested from the Bank full payoff amounts to reinstate the loans. During the hearing, Defendants represented that, upon receipt of the amounts in arrears, Shilo Inn would bring the loans current. Defendants requested time in

**MEMORANDUM DECISION AND ORDER - 4**

which to do so. Further, Defendants notified the Court of parallel proceedings involving three Shilo Inn properties in Oregon. District Judge Marco Hernandez conducted a hearing May 11, 2012, on the Bank's motions to appoint a receiver and for injunction in the three cases before the United States District Court for the District of Oregon. (*Cal. Bank & Trust v. Shilo Inn, Seaside East, LLC, et. al.*, Case Nos. 3:12-cv-506, 3:12-cv-508, and 3:12-cv-509.) Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the proceedings in the District of Oregon. Fed. R. Evid. 201(c)(1).

## ANALYSIS

**1.     Consent Issue**

The three matters before the Court have been randomly assigned to the undersigned magistrate judge. Absent consent of the parties, a United States Magistrate Judge has the authority to conduct hearings, including evidentiary hearings, and to submit to a district judge proposed findings of fact and recommendations for the disposition of motions for injunctive relief, for judgment on the pleadings, and for summary judgment. 28 U.S.C. § 636(b)(1). If the parties consent to have proceedings conducted by a magistrate judge, that judge has the authority to conduct all proceedings in a civil matter, including the entry of judgment.

The Bank asks for both appointment of a receiver and for an injunction requiring cooperation with the receiver. *Canada Life v. LaPeter,* 563 F.3d 837, 842 (9th Cir. 2009), indicates that appointment of a receiver is merely an ancillary procedural matter that does not affect the outcome of the case. *See Sterling Sav. Bank v. Citadel Dev. Co., Inc.*, 656 F.Supp.2d 1248, 1258 (D.Or. 2009). In *Sterling*, the court concluded that appointment of

**MEMORANDUM DECISION AND ORDER - 5**

a receiver is not a substantive right, but rather a remedy founded in equity. 656 F.Supp.2d at 1258.

Although the Court concludes that consent by all parties is not required to enter an order appointing a receiver, it is troubled by the Bank's request for injunctive relief requiring cooperation by the Shilo Inn. Not all parties have consented to the jurisdiction of the magistrate judge, and the deadline to do so is June 21, 2012. To the extent the Bank's motion could be construed as seeking more than appointment of a receiver and compliance with the cooperation provision in the Second Forbearance Agreement, the Court will shorten the time for consent, and require either consent or a request for reassignment to a district judge on or before entry of the order appointing receiver, as set forth in the Court's Order, below. If any party fails to consent or request reassignment prior to the entry of the order appointing receiver, this matter automatically will be assigned to a district judge for prompt consideration and entry of the order.

**2.      Judicial Notice of the Oregon Cases**

The three pending cases in the District of Oregon involve the Bank and three other Shilo Inn hotels located in Oregon. On May 11, 2012, Judge Hernandez conducted a hearing on the Bank's motions for appointment of receiver and injunction. The Court has reviewed the dockets, the pleadings, and the transcript of the hearing conducted in the Oregon cases. The motions for appointment of receiver in the Oregon cases are identical in substance to the motions pending before the Court in these Idaho cases. Further, the

Second Forbearance Agreement[3] and Deeds of Trust in the Oregon Cases contain identical provisions regarding appointment of a receiver as the documents presented for the Court's review in this case.

Although the parties' briefs were nearly identical, the parties' respective positions at oral argument had one slight difference. In the three cases before this Court, the Bank argued for appointment of a receiver not only to collect rents, but also to manage the Shilo Inn properties. However, the Bank represented to Judge Hernandez that the receiver would "come in just as a rents-and-profits receiver, not to take over management and control of the debtor. . . . "[T]he rents-and-profits receiver comes in, and he actually manages the day-to-day operations, collects the rents, pays the bills, pays the employees, et cetera. He's not taking over the management of the defendant." (Tr. at 6—7, 25, Case No. 3:12-cv-506, 508, and 509, Dist. Or. May 11, 2012.)

In Judge Hernandez's oral ruling appointing a receiver based upon his review of the *Canada Life* factors, the court found the distinction between a rents-and-profits receiver versus a management receiver important. The court commented that there was no harm to Defendants by the appointment of a receiver, because the "receiver's responsibilities would be narrow and not interfere with the functioning of the enterprise." (Tr. at 32, Case No. 3:12-cv-506, 508, and 509, Dist. Or. May 11, 2012.)

Finding the parties consented to the appointment of a receiver in the loan documents and that the majority of the *Canada Life* factors weighed in favor of an

---

[3] The Second Forbearance Agreement applies to all seven loans extended to the seven Shilo Inn entities located in Oregon, Washington, and Idaho, and is identical in both the Oregon Cases and the matters pending in this Court.

**MEMORANDUM DECISION AND ORDER - 7**

appointment, Judge Hernandez entered an order requiring the Bank to provide Defendants with a loan payoff number within seven days of May 11, 2012, and that Defendants were to pay the arrearages in full within fourteen days. If the amounts due were not paid in full by the twenty-first day after May 11, 2012, the court would sign an order appointing a receiver. But if the amounts were paid in full, the Bank's motions would be moot. *Cal. Bank & Trust v. Shilo Inn, Seaside East, LLC, et. al*., Case No. 3:12-cv-506, Dkt. 38.)

### 3. The Canada Life Factors

Federal law governs the appointment of a receiver in diversity cases. *Canada Life v. LaPeter*, 563 F.3d 837, 842 (9th Cir. 2009) (citing Fed. R. Civ. P. 66.) Rule 66 of the Federal Rules of Civil Procedure provides:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

The appointment of a receiver is an "extraordinary" equitable remedy that should be granted with caution. *Canada Life v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). Courts consider a variety of factors to make the determination, which include:

> (1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property"; and, (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership."

**MEMORANDUM DECISION AND ORDER - 8**

*Canada Life*, 563 F.3d at 844.

The Court of Appeals for the Ninth Circuit has also applied factors such as "whether the defendant was of doubtful financial standing" and "whether the property was of insufficient value to insure payment." *Sterling*, 656 F.Supp.2d at 1259 (citing *Canada Life*, 563 F.3d at 844.) Evidence of only these two "previously applied" factors may be sufficient to appoint a receiver to collect rents or other revenue from the subject property, but they are not sufficient by themselves to vest the receiver with managerial powers; "something more" is required for appointment of a receiver with the added power to manage the property. *Sterling*, 656 F.Supp.2d at 1259. "The additional requirement for managerial receivers may be evidence indicating the risk of economic waste, foreclosure delays, or any other factor that compels appointment of a receiver." *Sterling*, 656 F.Supp.2d at 1259. The Court has broad discretion in determining whether to appoint a receiver, it may consider a host of relevant factors, and no one factor is dispositive. *See, e.g., Canada Life*, 563 F.3d at 845. The party seeking the receiver must meet its burden to show that a receiver is necessary. *Sterling*, 656 F.Supp.2d at 1262.

A. *Effect of Consent*

The Deed of Trust indicates consent by Shilo Inn to the appointment of a receiver in the event of default. Specifically, the deed states:

> **Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the indebtedness….
> \*\*\*

**MEMORANDUM DECISION AND ORDER - 9**

> **Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the indebtedness by a substantial amount…

(Compl. Ex. D, at 5.)

Shilo Inn has not argued that the consent provision in the deeds of trust is invalid or unenforceable, but rather asserts that the *Canada Life* factors must still be weighed. However, although not dispositive, consent by the parties in a deed of trust is a factor that "commands great weight." *Sterling*, 656 F.Supp.2d at 1260. Further, consent to the ability to apply to the court to appoint a receiver may be materially different than consent to the actual appointment of a receiver. *Id.* Additionally, consent for the limited purpose of collecting rents is distinguishable from consent to a receiver with managerial powers. *Id.* at 1261.

Here, as in *Sterling*, the parties consented to the appointment of a receiver. The Court will consider the provision in the Deeds of Trust as one factor in addition to the *Canada Life* factors.

### B.   *Weighing the Canada Life Factors*

The analysis begins with the two "previously applied" factors. The first is whether Shilo Inn is of doubtful financial standing. Three Shilo Inn properties are currently involved in foreclosure suits before this Court. In addition, three other Shilo Inns in Oregon are currently in default of their loan obligations. The total amount sought in the

**MEMORANDUM DECISION AND ORDER - 10**

three suits before this court is over $11,000,000. As in *Sterling*, this evidence supports the inference that, because Shilo Inn is involved in numerous foreclosures, Shilo Inn is of doubtful financial standing. This factor weighs in favor of appointing a receiver.

The second factor is whether the Property's value is insufficient for the debt it secures. The parties did not submit evidence concerning the Property's value in relation to the amount owed on the loan. The Bank has therefore not satisfied its evidentiary burden on this factor, and consequently it does not weigh in favor of appointing a receiver.

The next seven factors are the main *Canada Life* factors. The first is whether the Bank has a valid claim. According to the pleadings, Shilo Inn does not dispute that it failed to pay the two interest only payments due on October 1 and November 1, 2011, indicating default. (Compl. ¶ 19; Ans. ¶ 2.) At the hearing, Shilo Inn did not contest that it has failed to pay property taxes for the years 2010 and 2011. The Bank has presented evidence sufficient to prove the validity of its claim, and this factor weighs in favor of appointing a receiver.

The second factor is whether the Bank has presented evidence of fraudulent conduct by the defendant. In its reply, the Bank argues that Shilo Inn has been deceitful in its dealings based upon the representations made in Shilo Inn's opposition to its motion. By hiding behind the franchise and managerial agreements in place when Shilo Inn signed the loan documents, the Bank argues that Shilo Inn is being dishonest in its dealings by now arguing that those same agreements would prohibit the appointment of a receiver. Defendants' argument that the receiver will not have the ability to follow

**MEMORANDUM DECISION AND ORDER - 11**

through with its appointment because a non-party entity is in place, and the Defendants kowledge of that fact at the time the Second Forbearance Agreement was signed, concerns the Court. At a minimum, it seems misleading. Although fraud has not been plead, the Bank's argument is suggestive of fraud, and concerns the Court with regard to the second factor.

The third factor is whether the Bank has submitted sufficient evidence to show that the property is in "imminent danger of being lost, concealed, injured, diminished in value or squandered." In the instant case, Shilo Inn is an operating hotel, producing income. Shilo Inn does not dispute that it has failed to pay property taxes for two years, and has not paid its loan obligations since October of 2011, thereby raising the question of mismanagement if it lacks the resources to meet its continuing obligations, or at worst, diversion of funds for other purposes.[4] Absent payment of the property taxes, penalties and interest will continue to accrue. In *Canada Life*, the court found that the failure to pay taxes was an appropriate factor to consider. Here, too, Shilo Inn is suffering from devaluation by failing to pay property taxes and penalties and interest. These amounts will need to be paid following foreclosure, thereby diminishing the Bank's return. This factor therefore weighs in favor of appointing a receiver.

The fourth factor is whether the Bank's legal remedy, foreclosure, is inadequate. The Bank has not argued or presented evidence that foreclosure, the typical remedy for nonpayment and breach of loan obligations, is inadequate. However, the rents are

---

[4] The *Sterling* decision is not controlling on this factor, as Shilo Inn is not bare ground, like in *Sterling*, but an operating hotel.

**MEMORANDUM DECISION AND ORDER - 12**

collateral for the loans at issue, and if the rents are paid out without paying the debt, the legal remedy of foreclosure appears inadequate. Therefore, this factor weighs in favor of appointing a receiver.

The fifth factor is whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing the appointment. Shilo Inn argues that appointment of a receiver would violate its franchise agreement and management agreement, and result in loss of the Shilo Inn franchise and resulting benefits. Specifically, Shilo Inn contends it would lose the ability to use the Shilo Inn trademarkand its good will, as well as the ability to use the marketing and reservation systems that currently benefit the hotel. The Bank contends this argument is faulty, considering Defendant Hemstreet controls all of the entities involved and conceivably could waive any default under the franchise and management agreements. The Bank's harm is the failure to appropriately manage the properties and apply profits to the hotel's continuing obligations, such as the property taxes, penalties, and interest accruing, as well as to the loan obligations. Further, the parties bargained for the appointment of a receiver in the event of default.

Moreover, if the Court construes the receiver's responsibilities more narrowly, as Judge Hernandez did, it appears that the receiver's responsibilities would not interfere with the functioning of the entities managing the hotels. If the receiver is merely collecting rents and paying the bills, while allowing the management companies to continue to exist, such an appointment should not interfere with the enterprise as a whole. The fifth factor therefore weighs in favor of appointing a receiver.

**MEMORANDUM DECISION AND ORDER - 13**

The sixth factor is the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property. The Court will assume for the purposes of this motion that the Bank is likely to prevail. Again, the Bank asserts the nonpayment of property taxes for two years as evidence of irreparable injury. By failing to pay the property taxes and penalties, Shilo Inn is subject to devaluation. *Canada Life*, 563 F.3d at 845.

The seventh and final factor is whether the Bank has submitted sufficient evidence to show that its interests sought to be protected will in fact be well-served by receivership. The Bank has submitted the affidavit of William Hoffman of Trigild, which company has handled over 600 receiverships since 1988. Trigild appears qualified to operate hotel properties as well. (Aff. of Hoffman, Dkt. 9-1.) Although the Bank has not presented direct evidence that a receiver would manage the property better than Shilo Inn, Trigild's qualifications and experience certainly command an inference that it could do better. If the receivership is limited to collecting rents and paying the bills, then the Bank's interest will be protected by the receivership. Therefore, this factor weighs in favor of appointing a receiver.

## CONCLUSION

After considering each of the enumerated factors of *Canada Life* individually and weighing them in the aggregate, and considering Defendants' consent to a receiver in the Deed of Trust with respect to each property and in the Second Forbearance Agreement, the Court concludes that the Bank has shown that appointment of a receiver is necessary and appropriate. However, upon reviewing Judge Hernandez's decision in the Oregon

**MEMORANDUM DECISION AND ORDER - 14**

cases, the Court is persuaded to enter a similar order to achieve consistency and promote judicial economy, considering the cases are virtually identical. Moreover, Defendants requested time to bring the loans current in these matters, and the Court has no reason to doubt the veracity of their intentions. The Court's order is summarized below.

## ORDER

The Bank's Motions in the matters before the Court will be granted in part and denied in part. The receivership will be limited to a rents-and-profits receiver, as the Bank represented to the Oregon court. The Court finds no reason to permit the Bank to change its position in the matters before this Court with respect to the three Idaho Shilo Inns. Further, to the extent the Bank requests injunctive relief, the order would be limited to requiring cooperation with the receiver pursuant to the parties' agreements.

However, Defendants shall have twenty-one days from May 22, 2012, within which to fully cure the defaults under the loan documents. The Bank must provide payoff numbers within seven days from May 22, 2012, and Defendants must pay in full within fourteen days thereafter. If the amounts due are not paid in full within twenty-one days from today, the Court will sign an order appointing a receiver. If the amounts are paid in full, the issue is moot.

Lastly, the parties have twenty-one days from today, May 22, 2012, within which to consent to magistrate judge jurisdiction or request reassignment to a district judge. If the Court neither receives consent nor a request for reassignment, this matter will be automatically reassigned to a district judge for prompt consideration and entry of the

**MEMORANDUM DECISION AND ORDER - 15**

order either appointing receiver, or in the event of a full payoff, finding the motions moot.

Plaintiff is directed to submit a proposed order consistent with the Court's decision and order herein.

Dated: **May 22, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 16**